IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRELL BOWENS, | : | CIVIL ACTION NO. 1:21-CV-1306 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| LAUREL HARRY, | : | |
| SUPERINTENDENT SCI CAMP | : | |
| HILL, *et al.*, | : | |
| | : | |
| Respondents | : | |

**MEMORANDUM**

Petitioner Terrell Bowens, an inmate in state custody, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After multiple parole denials, he asks the court to order his immediate release. We will deny this extraordinary request.

**I.     Factual Background**

Bowens is currently serving a 10- to 20-year sentence imposed by the Court of Common Pleas of Philadelphia County, Pennsylvania, for criminal solicitation of murder, conspiracy, and witness intimidation. (See Doc. 1 ¶ 7; Doc. 5 at 10-11, 16). This sentence, when taking into consideration time Bowens had already served, translated into a minimum release date of August 2017 and a maximum release date of August 2027. (See Doc. 5 at 14). Bowens avers that he has been denied parole on five occasions: April 2017, April 2018, August 2019, August 2020, and May 2021. (Doc. 1 ¶¶ 7, 9, 13, 15, 17).

In July 2021, following his fifth parole denial, he filed the instant Section 2254 petition in this court. (Doc. 1). He alleges that the parole denials were "arbitrary and capricious" and thus violated his substantive due process rights under the Fourteenth Amendment to the United States Constitution.[1] (Id. ¶¶ 20, 24). He seeks immediate release from confinement. (Id. ¶ 24; Doc. 13 at 18). Bowens' petition is fully briefed and ripe for disposition.

## II.     Discussion

The Fourteenth Amendment's due process clause "contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." Newman v. Beard, 617 F.3d 775, 782 (3d Cir. 2010) (quoting Zinermon v. Burch, 494 U.S. 113, 125 (1990)). With respect to parole determinations, the United States Court of Appeals for the Third Circuit has held that a parole board's decision can violate an inmate's substantive due process rights if it applies "standards that are divorced from the policy and purpose of parole" or other "impermissible criteria." See Block v. Potter, 631 F.2d 233, 236 & n.2, 238, 240 (3d Cir. 1980); see also Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996) ("In Block, the . . . panel majority concluded that in [using arbitrary criteria for denying parole], the [Parole Board] violated substantive due process in grounding its action on constitutionally impermissible reasons." (internal quotation marks omitted)). Specifically, the specter of a substantive due

---

[1] Bowens also references the Fifth Amendment, (see Doc. 1 ¶ 20), but because he is in state custody for state crimes, his substantive due process claim implicates the Fourteenth Amendment. See Citizens for Health v. Leavitt, 428 F.3d 167, 178 & n.11 (3d Cir. 2005).

process violation is raised only when "a parole board considers a factor that 'shocks the conscience.'" Holmes v. Christie, 14 F.4th 250, 267 (3d Cir. 2021) (quoting Newman, 617 F.3d at 782). If, however, there is "some basis" for the parole board's decision, and that basis is not "constitutionally impermissible" or conscience shocking, a substantive due process challenge must fail. See Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).

From the face of Bowens' petition and copies of the Pennsylvania Parole Board's five denials, it is clear that his substantive due process challenge is meritless. Without repeating each parole denial verbatim, the reasons for denying parole include:

- [Bowens'] risk and needs assessment indicating [his] level of risk to the community;

- Reports, evaluations and assessment/level of risk indicates [Bowens'] risk to the community;

- The negative recommendation made by the prosecuting attorney;

- Other factors deemed pertinent in determining that [Bowens] should not be paroled: Need for longer period of positive adjustment;

- Other factors deemed pertinent in determining that [Bowens] should not be paroled: the violence in [his] instant offense warrants a longer period of stable adjustment;

- [Bowens'] institutional behavior, including reported misconducts;

- [Bowens'] lack of remorse for the offense(s) committed.

(Doc. 1 ¶¶ 7, 9, 13, 15, 17; Doc. 5 at 25-33 (copies of Parole Board decisions)). In each of Bowens' denials, the Parole Board relied on a combination of the above-referenced factors when denying his application for parole. (Doc. 5 at 25-33).

3

Despite Bowens' protestations to the contrary, none of the Parole Board's decisions appear to be arbitrary, conscience-shocking, or based on constitutionally impermissible factors.[2]  Nor has Bowens shown "willful noncompliance, bad faith, [or] a sufficient inference of retaliation or vindictiveness on the part of the Board[.]" Mickens-Thomas v. Vaughn, 355 F.3d 294, 310 (3d Cir. 2004).  Bowens' disagreement with the Parole Board's decisions does not establish a right to habeas corpus relief. "[F]ederal courts, on habeas review, are not to 'second-guess parole boards,' and the requirements of substantive due process are met if there is some basis for the challenged decision."  Hunterson v. DiSabato, 308 F.3d 236, 246 (3d Cir. 2002) (quoting Coady, 251 F.3d at 487).  We are therefore constrained to deny Bowens' habeas petition.

---

[2] Bowens specifically challenges the District Attorney's recommendation that parole be denied.  (See Doc. 13 at 11).  This factor was cited in the Parole Board's 2017 and 2021 denials.  (See Doc. 5 at 25, 32).  Bowens claims that the Assistant District Attorney who made the recommendation to the Parole Board and provided comments regarding why parole should be denied was not the prosecuting attorney. (Doc. 13 at 11).  Even if Bowens is correct, this discrepancy does not rise to the level of a substantive due process violation.  Bowens does not claim, for example, that the Assistant District Attorney provided false or misleading information to the Parole Board, or that the recommendation was made in a retaliatory or vindictive manner. Cf. Barnes v. Wenerowicz, 280 F.R.D. 206, 222 (E.D. Pa. 2012) (explaining that recommendation from prosecutor based on acquitted conduct and containing false and misleading information "impermissibly led the Board to punish" prisoner by denying parole).

### III.     Conclusion

For the foregoing reasons, we will deny Bowens' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3]  We likewise decline to issue a certificate of appealability, as Bowens has failed to make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:  May 6, 2022

---

[3] We will also dismiss Bowens' pending motion for discovery, (Doc. 7), as that request is moot in light of today's decision.